GARDEN, JUDGE:
The Pioneer Company and Mountain State Construction Company, Inc., had a contract with the respondent for the construction of a storm sewer from the Kanawha River crossing beneath Kanawha Boulevard and Greenbrier Street in Charleston, West Virginia. At the point where Kanawha Boulevard and Greenbrier Street intersect, the contractors encountered a sanitary sewer which the contractors allege *257 caused considerable extra work and additional time on the project, for which they seek compensation from this Court.
The claimants used a tunnel method of installing the storm sewer, starting from a manhole at the edge of the Kanawha River. As the mechanical hydraulic shield progressed beneath the Kanawha Boulevard, it struck an object and became lodged underground. In order to dislodge the shield, it was necessary for employees of the claimants to hand excavate from a manhole 20 feet from the shield. The respondent redesigned the location of the storm sewer after it was determined that a 15" sanitary sewer encased in concrete was the object struck by the shield of the machine excavator. The contractors were paid for the work performed in accordance with the redesign of the storm sewer and sanitary sewer which crossed beneath the storm sewer. A portion of the Kanawha Boulevard caved in, breaking other utility lines, and the contractors were paid for the work and materials incident to this. A broken water main also caused problems in the correction work, keeping the soil in a more liquid state. The contractors allege that the extra labor, equipment, and materials for dislodging the shield amounted to $41,498.99.
The original plans for this project showed the storm sewer passing over the sanitary sewer with 1.6 foot clearance. The plans also provided that the contractor was to use extreme care in the area of existing utilities and should hand excavate.
The respondent contends that the claimants failed to comply with a specific note in the construction plans which provided as follows: “Location and depth of existing utility lines shall be verified by the contractor in advance of storm sewer construction. Extreme care shall be exercised in excavating existing utilities and hand excavation only will be permitted in the vicinity of existing pipes and/or conduits.” The respondent also contends that when the contractors encountered the obstruction, they failed to ascertain that it was a utility or to use the proper construction methods that would have prevented the problem which occurred. The respondent further contends that the claimants have been paid for all of the construction costs incident to the project in accordance with the contract provisions.
*258 From the evidence, it appears to the Court that the contractors were paid for all costs incident to the redesign of the storm sewer over the sanitary sewer which was actually adjacent to the planned flow line of the storm sewer. The use of the mechanical hydraulic machine in the proximity of the sanitary sewer, rather than hand excavation, resulted in the extra costs incurred by the contractors in dislodging the shield from the sanitary sewer.
The Court is of the opinion to and does disallow this claim.
Claim disallowed.